# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN PETROLEUM INSTITUTE,<br><br>*Petitioner*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LEE M. ZELDIN, in his official capacity as Administrator of the United States Environmental Protection Agency,<br><br>*Respondents*. | Case No. 25-1082 |

## PETITION FOR REVIEW

Pursuant to Section 307(b)(1) of the Clean Air Act, 42 U.S.C. §7607(b)(1), Section 702 of the Administrative Procedure Act, 5 U.S.C. §702, Federal Rule of Appellate Procedure 15(a), and D.C. Circuit Rule 15, Petitioner American Petroleum Institute ("API") petitions this Court for review of the final action of Respondents the United States Environmental Protection Agency ("EPA") and Lee M. Zeldin, in his official capacity as Administrator of the EPA, entitled "California State Motor Vehicle and Engine Pollution Control Standards; Advanced Clean Cars II; Waiver of Preemption; Notice of Decision," published at 90 Fed. Reg. 642 (Jan. 6, 2025). A copy of that final agency action is attached to this petition as Exhibit A.

EPA's final action exceeds the agency's statutory authority and is otherwise arbitrary, capricious, an abuse of discretion, and not in accordance with law. *See* 5 U.S.C. §706(2)(A), (C). Petitioner accordingly asks this Court to declare unlawful and vacate EPA's final action. *See id.*

This Court has jurisdiction over this case under Section 307(b)(1) of the Clean Air Act, 42 U.S.C. §7607(b)(1). Section 307(b)(1) provides that review of any final action by the Administrator that is "locally or regionally applicable" may be sought "only in the United States Court of Appeals for the appropriate circuit," while review of any final action that is "nationally applicable" may be sought "only in the United States Court of Appeals for the District of Columbia." *Id.*[1] The challenged final action here by its terms waives preemption for regulations issued by the State of California, which is located within the Ninth Circuit. As such, insofar as the challenged final action here is "locally or regionally applicable" because it waives preemption for regulations issued by the State of California, Section 307(b)(1) makes the Ninth Circuit the "appropriate circuit" for API's petition for review, and API has accordingly filed a parallel petition for review in the United States Court of

---

[1] Review is also limited to the United States Court of Appeals for the District of Columbia if the challenged action "is based on a determination of nationwide scope or effect and if in taking such action the Administrator finds and publishes that such action is based on such a determination." 42 U.S.C. §7607(b)(1). The Administrator did not make or publish any such finding here.

Appeals for the Ninth Circuit. *Id.* But to the extent that the challenged final action here is "nationally applicable" under Section 307(b)(1), venue is proper in this Court, and so API respectfully files the present petition for review in this Court as a protective measure to ensure that its challenge will be heard.

Dated: March 7, 2025

Respectfully submitted,

s/Paul D. Clement
PAUL D. CLEMENT
*Counsel of Record*
C. HARKER RHODES IV
NICHOLAS A. AQUART*
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

*Supervised by principals of the firm who are members of the Virginia bar

*Counsel for Petitioner*

# RULE 26.1 DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, Petitioner API hereby discloses that it is a national trade association that represents all segments of America's natural gas and oil industry, which supports more than 11 million U.S. jobs and is backed by a growing grassroots movement of millions of Americans. API's nearly 600 members produce, process, and distribute most of the Nation's energy, and participate in API Energy Excellence, which is accelerating environmental and safety progress by fostering new technologies and transparent reporting. API has no parent entity, and no publicly held corporation has a 10% or greater ownership stake in API.

Dated: March 7, 2025

Respectfully submitted,

s/Paul D. Clement
PAUL D. CLEMENT
*Counsel of Record*
C. HARKER RHODES IV
NICHOLAS A. AQUART*
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

*Supervised by principals of the firm who are members of the Virginia bar

*Counsel for Petitioner*

# CERTIFICATE OF SERVICE

I certify that on March 7, 2025, I served a copy of the foregoing petition, Exhibit A thereto, and Rule 26.1 disclosure statement by United States first-class mail on the following:

>Lee M. Zeldin, Administrator
>United States Environmental Protection Agency
>Office of the Administrator
>Mail Code 1101A
>1200 Pennsylvania Avenue NW
>Washington, D.C. 20460

>Correspondence Control Unit
>Office of General Counsel
>United States Environmental Protection Agency
>Mail Code 2311
>1200 Pennsylvania Avenue NW
>Washington, D.C. 20460

>The Honorable Pamela J. Bondi
>Attorney General of the United States
>United States Department of Justice
>950 Pennsylvania Avenue NW
>Washington, DC 20530-0001

Dated: March 7, 2025

Respectfully submitted,

s/Paul D. Clement
PAUL D. CLEMENT
*Counsel of Record*
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

*Counsel for Petitioner*

# Exhibit A

authorization request, did not demonstrate that California arbitrarily or capriciously reached this protectiveness determination. Therefore, based on the record, I cannot find California's determination to be arbitrary and capricious under section 209(e)(2)(A)(i).

CARB has demonstrated the existence of compelling and extraordinary conditions justifying the need for such State standards. The administrative record, including information presented to me by parties opposing California's authorization request, did not demonstrate that California does not need such State standards to meet compelling and extraordinary conditions. Thus, based on the record, I cannot deny the authorization based on section 209(e)(2)(A)(ii).

CARB has submitted information that its emission standards and test procedures are consistent with section 209(a), section 209(e)(1), and section 209(b)(1)(C) of the Act. The administrative record, including information presented to me by parties opposing California's authorization request, did not satisfy the burden of persuading EPA that the standards are not consistent with section 209. Thus, based on the record, I cannot deny the authorization based on section 209(e)(2)(A)(iii).

Accordingly, I hereby granted the authorization requested by California.

Section 307(b)(1) of the CAA governs judicial review of final actions by the EPA. Petitions for review must be filed by March 7, 2025.

As with past authorization decisions, this action is not a rule as defined by Executive Order 12866. Therefore, it is exempt from review by the Office of Management and Budget as required for rules and regulations by Executive Order 12866.

In addition, this action is not a rule as defined in the Regulatory Flexibility Act, 5 U.S.C. 601(2). Therefore, EPA has not prepared a supporting regulatory flexibility analysis addressing the impact of this action on small business entities.

The Congressional Review Act, 5 U.S.C. 801 *et seq.,* as added by the Small Business Regulatory Enforcement Fairness Act of 1996, does not apply because this action is not a rule, for purposes of 5 U.S.C. 804(3).

**Michael S. Regan,**
*Administrator.*
[FR Doc. 2024–31123 Filed 1–3–25; 8:45 am]
**BILLING CODE 6560–50–P**

# ENVIRONMENTAL PROTECTION AGENCY

[EPA–HQ–OAR–2023–0292; FRL–11010–02–OAR]

## California State Motor Vehicle and Engine Pollution Control Standards; Advanced Clean Cars II; Waiver of Preemption; Notice of Decision

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Notice of decision.

**SUMMARY:** The Environmental Protection Agency ("EPA") is providing notice of its decision granting the California Air Resources Board's ("CARB's") request for a waiver of Clean Air Act preemption for its Advanced Clean Cars II ("ACC II") regulations. EPA's decision was issued under the authority of the Clean Air Act ("CAA" or "Act") section 209.

**DATES:** Petitions for review must be filed by March 7, 2025.

**ADDRESSES:** EPA has established a docket for this action under Docket ID EPA–HQ–OAR–2023–0292. All documents relied upon in making this decision, including those submitted to EPA by CARB, are contained in the public docket. Publicly available docket materials are available either electronically through *www.regulations.gov* or in hard copy at the EPA Docket Center, WJC West Building, Room 3334, 1301 Constitution Avenue NW, Washington, DC 20004. The Docket Center's hours of operation are 8:30 a.m. to 4:30 p.m.; generally, it is open Monday through Friday, except Federal holidays. The electronic mail (email) address for the EPA Docket Center is: *a-and-r-Docket@epa.gov.* An electronic version of the public docket is available through the Federal government's electronic public docket and comment system. You may access EPA dockets at *http://www.regulations.gov.* After opening the *www.regulations.gov* website, enter EPA–HQ–OAR–2023–0292 in the "Enter Keyword or ID" fill-in box to view documents in the record. Although a part of the official docket, the public docket does not include Confidential Business Information ("CBI") or other information whose disclosure is restricted by statute.

EPA's Office of Transportation and Air Quality ("OTAQ") maintains a web page that contains general information on its review of California waiver and authorization requests. Included on that page are links to prior waiver **Federal Register** notices, some of which are cited in this notice; the page can be accessed at: *https://www.epa.gov/state-and-local-transportation/vehicle-emissions-california-waivers-and-authorizations.*

**FOR FURTHER INFORMATION CONTACT:** Michael Olechiw, Office of Transportation and Air Quality, U.S. Environmental Protection Agency, 2000 Traverwood Drive, Ann Arbor, MI 48105. Telephone: 734–214–4297. Email: *California-Waivers-and-Authorizations@epa.gov.*

**SUPPLEMENTARY INFORMATION:** On December 26, 2023, EPA published a **Federal Register** notice announcing its receipt of CARB's waiver request. In that notice, EPA invited public comment on California's waiver request and an opportunity to present testimony at a public hearing.[1] EPA held a public hearing on January 10, 2024, and the written comment period closed on February 27, 2024.[2] EPA has considered all comments submitted to the public docket on this matter.

On December 17, 2024, I signed a Decision Document granting California a waiver of preemption pursuant to section 209(b) of the CAA, as amended, 42 U.S.C. 7543(b), for regulations applicable to new 2026 and subsequent model year (MY) California on-road light- and medium-duty vehicles, hereafter the Advanced Clean Cars II ("ACC II") regulations.[3] The ACC II program includes a series of requirements regarding California's low emission vehicle ("LEV") IV regulation and a series of requirements regarding its zero-emission vehicle ("ZEV") program.[4] The LEV IV requirements include, for example, applying exhaust and evaporative emission fleet-average standards solely to vehicles powered by internal combustion engines and excluding ZEVs from the fleet calculation. The LEV IV requirements reduce the maximum allowed exhaust and evaporative emission rates from

---

[1] 88 FR 88908 (December 26, 2023).

[2] A transcript of the public hearing is located at EPA–HQ–OAR–2023–0292–0056 and all written comments are also located at *regulations.gov* at EPA–HQ–OAR–2023–0292.

[3] EPA's Decision Document can be found at EPA–HQ–OAR–2023–0292. In addition to the Decision Document, EPA prepared a Supplemental Response to Comments document that is also part of the Administrator's waiver decision. The Supplemental Response to Comments document can also be found at EPA–HQ–OAR–2023–0292.

[4] EPA's waiver decision includes the entire ACC II regulatory text that can be found in Attachment 7 to CARB's May 22, 2023, ACC II waiver request (the ACC II Waiver Support Document) found at EPA–HQ–OAR–2023–0292–0034. (CARB's entire waiver submission to EPA is found at EPA–HQ–OAR–2023–0292). The specific regulatory provisions under EPA's waiver consideration can be found at footnote 36 to the ACC II Waiver Support Document.

vehicles under the existing fleet-average standard and aim to reduce cold-start emissions by applying the emissions standards to a broader range of in-use driving conditions. The ZEV requirements of ACC II include, for example, a requirement for vehicle manufacturers to sell increasing percentages of ZEVs beginning with the 2026 MY. Manufacturers can meet up to 20 percent of their sales requirements using plug-in hybrid vehicles (PHEVs) that meet specified requirements. A comprehensive description of California's ACC II program can be found in the Decision Document for this waiver and in materials submitted to the Docket by CARB.

Section 209(b) of the Act provides that the Administrator, after notice and opportunity for public hearing, shall waive Federal preemption for California to enforce new motor vehicle emission standards and accompanying enforcement procedures unless certain criteria are met. The criteria for denying such a waiver include consideration of whether California arbitrarily and capriciously determined that its standards are, in the aggregate, at least as protective of public health and welfare as the applicable Federal standards; whether California does not need such State standards to meet compelling and extraordinary conditions; and whether such State standards and accompanying enforcement procedures are not consistent with section 202(a) of the Act.

CARB determined that these standards and accompanying enforcement procedures do not cause California's standards, in the aggregate, to be less protective to public health and welfare than the applicable Federal standards. The administrative record, including information presented to me by parties opposing California's waiver, did not demonstrate that California arbitrarily or capriciously reached this protectiveness determination. Therefore, based on the record, I cannot find California's determination to be arbitrary and capricious under section 209(b)(1)(A).

CARB has demonstrated the existence of compelling and extraordinary conditions justifying the need for such State standards. The administrative record, including information presented to me by parties opposing California's waiver request, did not demonstrate that California does not need such State standards to meet compelling and extraordinary conditions. Thus, based on the record, I cannot deny the waiver based on section 209(b)(1)(B).

CARB has submitted information that its emission standards and test procedures are technologically feasible, present no inconsistency with Federal requirements, and are consistent with section 202(a) of the Act. The administrative record, including information presented to me by parties opposing California's waiver request, did not satisfy the burden of persuading EPA that the standards are not consistent with section 202(a). Thus, based on the record, I cannot deny the waiver based on section 209(b)(1)(C).

Accordingly, I hereby granted the waiver requested by California.

Section 307(b)(1) of the CAA governs judicial review of final actions by the EPA. Petitions for review must be filed by March 7, 2025.

As with past waiver decisions, this action is not a rule as defined by Executive Order 12866. Therefore, it is exempt from review by the Office of Management and Budget as required for rules and regulations by Executive Order 12866.

In addition, this action is not a rule as defined in the Regulatory Flexibility Act, 5 U.S.C. 601(2). Therefore, EPA has not prepared a supporting regulatory flexibility analysis addressing the impact of this action on small business entities.

The Congressional Review Act, 5 U.S.C. 801 *et seq.,* as added by the Small Business Regulatory Enforcement Fairness Act of 1996, does not apply because this action is not a rule, for purposes of 5 U.S.C. 804(3).

**Michael S. Regan,**
*Administrator.*
[FR Doc. 2024–31128 Filed 1–3–25; 8:45 am]
**BILLING CODE 6560–50–P**

---

**ENVIRONMENTAL PROTECTION AGENCY**

**[EPA–HQ–OAR–2022–0332; FRL–9902–02–OAR]**

**California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; The "Omnibus" Low NO$_X$ Regulation; Waiver of Preemption; Notice of Decision**

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Notice of decision.

**SUMMARY:** The Environmental Protection Agency ("EPA") is providing notice of its decision to grant the California Air Resources Board's ("CARB") request for a waiver of Clean Air Act (CAA) preemption for its Heavy-Duty Vehicle and Engine "Omnibus" Low NO$_X$ Regulations ("Omnibus Low NO$_X$ program"). EPA's decision also includes an authorization for portions of the Omnibus Low NO$_X$ program that pertain to off-road diesel engines. This decision was issued under the authority of the Clean Air Act ("CAA" or "Act") section 209.

**DATES:** Petitions for review must be filed by March 7, 2025.

**ADDRESSES:** EPA has established a docket for this action under Docket ID EPA–HQ–OAR–2022–0332. All documents relied upon in making this decision, including those submitted to EPA by CARB, are contained in the public docket. Publicly available docket materials are available either electronically through *www.regulations.gov* or in hard copy at the EPA Docket Center, WJC West Building, Room 3334, 1301 Constitution Avenue NW, Washington, DC 20004. The Docket Center's hours of operation are 8:30 a.m. to 4:30 p.m.; generally, it is open Monday through Friday, except Federal holidays. The electronic mail (email) address for the EPA Docket is: *a-and-r-Docket@epa.gov.* An electronic version of the public docket is available through the Federal government's electronic public docket and comment system. You may access EPA dockets at *http://www.regulations.gov.* After opening the *www.regulations.gov* website, enter EPA–HQ–OAR–2022–0332 in the "Enter Keyword or ID" fill-in box to view documents in the record. Although a part of the official docket, the public docket does not include Confidential Business Information ("CBI") or other information whose disclosure is restricted by statute.

EPA's Office of Transportation and Air Quality ("OTAQ") maintains a web page that contains general information on its review of California waiver and authorization requests. Included on that page are links to prior waiver **Federal Register** notices, some of which are cited in this notice; the page can be accessed at: *https://www.epa.gov/state-and-local-transportation/vehicle-emissions-california-waivers-and-authorizations.*

**FOR FURTHER INFORMATION CONTACT:** Brian Nelson, Office of Transportation and Air Quality, U.S. Environmental Protection Agency, 2000 Traverwood Drive, Ann Arbor, Michigan 48105. Telephone: 734–214–4278. Email: *California-Waivers-and-Authorizations@epa.gov.*

**SUPPLEMENTARY INFORMATION:** On June 13, 2022, EPA published a **Federal Register** notice announcing its receipt of California's waiver request. In that notice, EPA invited public comment on